**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| STARBUCKS CORPORATION,<br><br>       Plaintiff,<br><br>  v.<br><br>WORKERS UNITED d/b/a<br>STARBUCKS WORKERS UNITED,<br>CHICAGO AND MIDWEST REGIONAL<br>JOINT BOARD, INC., and IOWA CITY<br>STARBUCKS WORKERS UNITED,<br><br>       Defendants. | Civil Action No. 3:26-cv-00054-RGE-SBJ<br><br>**MOTION FOR LEAVE TO FILE<br>COMPLAINT UNDER SEAL**<br><br>**<u>EXPEDITED RELIEF REQUESTED</u>** |

Pursuant to Local Rule 5(c), Plaintiff Starbucks Corporation ("Starbucks" or "Plaintiff") respectfully moves this Court for leave to file under seal an unredacted version of its complaint (ECF No. 1 ("Complaint")) against Defendants Workers United d/b/a Starbucks Workers United ("SBWU"), Chicago and Midwest Regional Joint Board, Inc. ("CMRJB"), and Iowa City Starbucks Workers United ("Iowa City SBWU") (collectively, "Defendants" and, jointly with Starbucks, the "Parties") and Exhibit A thereto. In support of the Motion for Leave to File Complaint Under Seal (the "Motion"), Plaintiff states as follows:

1.  The common-law right of access to judicial records is "not absolute." *Flynt* v. *Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.* v. *eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013) (citing *Webster Groves Sch. Dist.* v. *Pulitzer Publ'g Co.*, 898 F.2d

1371, 1376 (8th Cir. 1990)). The presumption of public access "may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citation omitted).

2.  As Starbucks explained in its Complaint (*see* Complaint at 3 n.1), Starbucks and the Defendants have agreed that the document attached as Exhibit A to the Complaint would be treated as confidential. Although Starbucks does not believe that Exhibit A or the redacted references to that exhibit in the Complaint need to be withheld from the public, Starbucks is filing this Motion out of an abundance of caution and out of respect for Defendants, which have expressed a desire to maintain the confidentiality of Exhibit A. Courts in this Circuit have concluded that it may be "proper to seal documents that Plaintiff has identified as containing confidentiality clauses." *Tile Shop Holdings, Inc.* v. *Allied World Nat'l Assurance Co.*, 2019 WL 2136146, at *1 (D. Minn. May 16, 2019); *see also BLST Northstar, LLC* v. *Santander Consumer USA, Inc.*, 2024 WL 4799847, at *3 (D. Minn. Nov. 15, 2024) ("Having reviewed the sealed documents, the Court finds that each contains sensitive or propriety business information that is competitively sensitive or contractually subject to nondisclosure such that the parties' and one or more third party's legitimate interests in maintaining confidentiality outweighs any public interest in unsealing the documents.").

3.  To that end, Starbucks moves to seal the entirety of Exhibit A, and only those portions of the publicly filed Complaint that "jeopardiz[e] the confidentiality of sensitive information." *IDT Corp.*, 709 F.3d at 1224. These redactions relate solely to discussions of, and quotations from, Exhibit A, which contains non-public information concerning confidential negotiations between private parties in an attempt to reach agreement on certain issues relevant to this litigation. Public disclosure would reveal information exchanged in confidence for the

purpose of facilitating resolution of ongoing disputes. Courts have recognized that similar types of information merit sealing. *See, e.g.*, *Long* v. *Gyrus ACMI, Inc.*, 2021 WL 1985054, at *2 (E.D. Mo. May 18, 2021) (sealing settlement agreement based on public interest in encouraging settlements, and noting that the agreement "would not have been achieved if the parties had believed that the terms would become public"); *IDT Corp.*, 709 F.3d at 1224-25 (affirming denial of motion to unseal a complaint because the "potential harm in unsealing confidential and competitively sensitive information outweigh[ed] [the public interest group challenger's] generalized interest in access to the complaint") (internal quotation marks omitted); *Sleep No. Corp.* v. *Young*, 2022 WL 3045036, at *1 (D. Minn. Aug. 2, 2022) ("the interest of encouraging frank settlement communications outweighs the public's interest in accessing this information at this stage of the case").

4.      The proposed redactions are narrowly tailored to balance the Parties' private interests in maintaining agreed-upon confidentiality with the public interest favoring disclosure.

5.      Further, and to allay any due process concerns, Starbucks intends to effect service of both the redacted version of the Complaint filed on the public docket and an unredacted copy of the Complaint, including Exhibit A, upon issuance of the summons. As the Defendants themselves are parties to Exhibit A, there is no barrier to serving all Defendants with the unredacted version of the operative pleadings.

6.      In accordance with Local Rule 7(i), Starbucks respectfully requests expedited relief for the instant Motion.

**WHEREFORE**, Starbucks respectfully requests that the Court enter an Order granting Starbucks leave to file under seal an unredacted version of the Complaint, and seal Exhibit A attached to the same.

Dated: June 18, 2026

OF COUNSEL:

Sharon L. Nelles
(*pro hac vice* forthcoming)
Dustin F. Guzior
(*pro hac vice* forthcoming)
Alexander N. Gross
(*pro hac vice* forthcoming)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
nelless@sullcrom.com
guziord@sullcrom.com
grossa@sullcrom.com

Aviv S. Halpern
(*pro hac vice* forthcoming)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, California 94301
Tel: (650) 461-5600
halperna@sullcrom.com

Respectfully submitted,

  /s/ *Jeffrey D. Harty*
Jeffrey D. Harty
Lynn C. Herndon
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, Iowa 50309
T: (515) 283-3100
E: jharty@nyemaster.com
E: lherndon@nyemaster.com

*Counsel to Plaintiff Starbucks Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, and will mail via U.S. Mail to the following Defendants at their last known address:

Chicago and Midwest Regional Joint Board, Inc.
333 South Ashland Avenue
Chicago, Illinois 60607

Iowa City Starbucks Workers United
333 South Ashland Avenue
Chicago, Illinois 60607

Workers United
22 South 22nd Street
Philadelphia, Pennsylvania 19103

Dated: June 18, 2026                     /s/ *Jeffrey D. Harty*